

MINUTE ENTRY
WILKINSON, M.J.
MARCH 29, 2000

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BATTURE FLEET, INC.                    CIVIL ACTION

VERSUS                                 NO. 00-205

CAROL BROWNER ET AL.                   SECTION "C" (2)

### HEARING ON MOTION

APPEARANCES: Andrew Lemmon, representing plaintiff; Alida Hainkel and Carl Rosenblum, representing Real-Time Thermal Imaging; Catherine Leary, representing Neal and Mary Clulee

MOTION: (1) Witnesses' Motion to Quash Subpoena; (2) Motion (of Real-Time Thermal Imaging LLC) to Quash Non-Party Subpoena Duces Tecum and for Protective Order

DATE OF ENTRY
MAR 3 0 2000

O R D E R E D:

__(1)__ :   GRANTED, except as otherwise agreed between the parties. The subpoena was overly broad and burdensome in that it exposed the responding non-parties to significant expense. Fed. R. Civ. P. 45(c)(1). In addition, the subpoena seeks much that should be available in discovery <u>between the parties to the lawsuit itself</u>, which can be obtained through Fed. R. Civ. P. 34 without imposing burden and expense on non-parties. Fed. R. Civ. P. 26(b)(2)(I). Thus, the subpoena is quashed as written. However, it appears from the supplemental memorandum filed by the witnesses in support of this motion and from the oral representations of counsel at the hearing that the witnesses have agreed through discussions with the subpoenaing party to produce certain documents requested by the subpoena. This agreed-upon document production should proceed at a time and in a manner mutually convenient for all involved. **IT IS ORDERED** that, by **April 5, 2000**, counsel for plaintiff must confer in person with counsel for these witnesses concerning the documents that the witnesses are willing to produce that are responsive to the subpoena, and that counsel for these witnesses must provide to counsel for plaintiff a verification, signed by the witnesses, that they have produced all responsive documents in their possession, custody or control and describing any documents that they have withheld, if any, and the grounds for such withholding. If, after reviewing the documents produced, plaintiff seeks additional, specific documents from these witnesses, plaintiff must again confer with the witnesses' counsel in good faith as required by Local Rule 37.1E, and may issue a narrowly defined subpoena seeking such particular documents if necessary. **IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 45(c)(1), that plaintiff must pay these witnesses the sum of $1,370.00 to reimburse them partially for the expenses and attorney's fees incurred by the witnesses in responding to the overly broad and burdensome subpoena.

__(2)__ :   GRANTED, subject to the order contained herein. The subpoena issued to Real-Time suffers from the same problems as those discussed above. Accordingly, the subpoena is quashed as written. Plaintiff must pay Real-Time $1,370.00 pursuant to Fed. R. Civ. P. 45(c)(1) to reimburse it partially for the expenses and attorney's fees incurred in responding to the overly broad and burdensome subpoena. However, it appears from the oral representations of counsel at the hearing that all documents responsive to the

2

subpoena, with the exception of certain software, have been conveyed by Real-Time to the United States Coast Guard, a defendant herein. Thus, **IT IS ORDERED** that, by **April 5, 2000**, counsel for plaintiff must confer in person with counsel for Real-Time and that counsel for Real-Time must provide to counsel for plaintiff a verification, signed by Real-Time, that it has conveyed all responsive documents formerly in its possession, custody or control to the Coast Guard and describing any documents or other responsive information that it still has in its possession, together with the reason Real-Time declines to produce such documents. If, after reviewing the verification, plaintiff seeks additional, specific materials from Real-Time, counsel must again confer with each other in good faith as required by Local Rule 37.1E, and plaintiff may issue a narrowly defined subpoena seeking such documents if necessary.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE