FILED
U.S. DISTRICT COURT
EAST...

2000 MAR 29  A 10: 46

LORETTA G. WHYTE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BATTURE FLEET, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-0205 C |
| ) | Section: "C" |
| ) | Judge: Berrigan |
| CAROL BROWNER, et al., ) | Magistrate: Wilkinson |
| ) | |
| Defendants. ) | |

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND FOR EXTENSION OF TIME
TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Carol Browner, in her official capacity as Administrator of the United States Environmental Protection Agency, Greg A. Cooke, in his official capacity as Regional Administrator, United States Environmental Protection Agency, Region VI, Admiral James Loy, in his Official Capacity as Commandant of the United States Coast Guard and Captain Steven Rochon, in his Official capacity as United States Coast Guard Captain of the Port of New Orleans (collectively "Federal Defendants") hereby move to lift the entry of default entered by the Court clerk on March 17, 2000, and for an extension of time to respond to Plaintiff's

1

DATE OF ENTRY
APR 4 2000

Complaint.

## DISCUSSION

Setting aside the entry of default is proper because default was incorrectly entered by the clerk <u>before</u> the deadline for Federal Defendants' response to Plaintiff's Complaint.

Defendants further state in support of this motion as follows:

1. Plaintiff served its Complaint on the United States Attorney on January 21, 2000.

2. Pursuant to Federal Rule of Civil Procedure 12(a)(3), Federal Defendants' answer was due within 60 days after service upon the United States attorney, or on March 21, 2000.

3. On March 15, 2000, Plaintiff filed a First Supplemental and Amended Verified Complaint. Under Federal Rule of Civil Procedure 15(a), Federal Defendants' response to the amended pleading was due within 10 days after service of the amended pleading, or by March 27, 2000.

4. Also on March 15, 2000, Plaintiff filed a request for entry of default. The affidavit of J. Mac Morgan submitted in support thereof incorrectly stated "that the time within which any defendant may file an answer or otherwise plead as to the Complaint has expired." On March 17, 2000, the clerk ordered that default be entered against Federal Defendants. This was 10 days before the deadline for Federal Defendants' Response to Plaintiff's Amended Complaint.

5. On March 20, 2000, not knowing that default had been requested or entered, federal defendants filed by express mail a first motion for an extension of time to respond to Plaintiff's Complaint. Federal Defendants requested an extension up to and including April 10, 2000. Undersigned counsel had spoken by telephone with Plaintiffs' counsel Andrew Lemmon on March 16, 2000 -- following the parties' appearance before the Court on Plaintiff's TRO

2

application -- and Plaintiff's counsel indicated Plaintiff would not object to this extension. Undersigned counsel was not informed that Plaintiff had requested entry of default the previous day.

6. Subsequent to mailing their motion for extension to the Court on March 17, Federal Defendants received notice on March 20 that Plaintiff had filed a request for default and default had been entered by the clerk. Federal Defendants further obtained on March 20 an unsigned copy of the affidavit of J. Mac Morgan in support of the request for default. This is attached as an exhibit hereto.

7. Federal Defendants were additionally informed by the Court on Monday, March 20, that their First Motion for Extension of Time could not be granted because default had been entered.

8. Pursuant to Federal Rule of Civil Procedure 55(e) "no judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."

9. Because the time for Federal Defendants to answer or otherwise respond to Plaintiffs' Complaint had not expired on March 17, 2000, and because no judgment by default shall be entered against Federal Defendants unless the claimant establishes a claim or right to relief, default should not have been entered against Federal Defendants.

10. Had default not been entered, pursuant to Local Rule 7.9E, Federal Defendants could have moved for an extension of 20 days to respond to Plaintiffs' Amended Complaint, up to and including, April 17, 2000.

WHREEFORE, Federal Defendants respectfully request that the entry of default be set

3

aside, and that Federal Defendants be granted an extension up to and including, April 17, 2000, to respond to Plaintiffs' Amended Complaint.

                Respectfully submitted,

                LOIS J. SCHIFFER
                Assistant Attorney General
                Environment and Natural Resources Division

                */s/ E. Hostetler*
                ERIC G. HOSTETLER
                Trial Attorney
                Environmental Defense Section
                U.S. Department of Justice
                P.O. Box 23986
                Washington, D.C. 20026-3986
                (202) 305-2326

                EDDIE J. JORDAN, JR.
                United States Attorney

                LAURIE BARCELONA (19610)
                Assistant U.S. Attorney
                Hale Boggs Federal Building
                501 Magazine Street, 2nd Floor
                New Orleans, LA 70139

<u>OF COUNSEL</u>

THOMAS MARIAN
Eighth Coast Guard
District Legal Office
501 Magazine Street
New Orleans, LA 701130-3396

BRUCE JONES
Office of Regional Counsel (6RC-C)
U.S. Environmental Protection Agency
1445 Ross Avenue
Dallas, Texas 75202-2733              DATED: March 28, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BATTURE FLEET, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 00-0205 C |
| ) | Section: "C" |
| ) | Judge: Berrigan |
| CAROL BROWNER, et al., ) | Magistrate: Wilkinson |
| ) | |
| Defendants. ) | |

## ORDER

Considering the foregoing Motion to Set Aside Entry of Default and for Extension of Time to Respond to Plaintiff's First Amended Complaint,

**IT IS HEREBY ORDERED** that the motion is **GRANTED**. The default entered on March 17 against Defendants is hereby set aside, and Defendants shall file an answer or otherwise file a responsive pleading to Plaintiff's complaint on or before April 24, 2000.

New Orleans, Louisiana, this 3 day of April, 2000.

UNITED STATES DISTRICT JUDGE