```
                                    FILED
                              U.S. DISTRICT COURT
                              EASTERN DISTRICT OF LA

                              2000 JUN -8  P 2: 51

                              LORETTA G. WHYTE
```

**MINUTE ENTRY**
**BERRIGAN, J.**
**June 7, 2000**

| | |
|---|---|
| **BATTURE FLEET, INC.** | **CIVIL ACTION** |
| versus | **NO. 00-0205** |
| **CAROL BROWNER, et al.** | **SECTION "C" (2)** |

Plaintiff Batture Fleet, Inc. ("Batture Fleet) has moved this Court to review the magistrate judge's award of sanctions against Batture Fleet in favor of non-parties Real-Time Thermal Imaging, L.L.C. ("Real-Time") and Neal and Mary Clulee ("Clulees"). Real-Time and the Clulees have each filed opposition to Batture Fleet's motion to review. Additionally, they each moved the Court for fees associated with opposing the motion to review. For the reasons below, the Court DENIES Batture Fleet's motion to review and likewise DENIES both Real-Time's and the Clulee's motions for additional attorney's fees.

Real-Time and the Clulees filed motions to quash the subpoenae served on them by Batture Fleet. Real-Time argued that Batture Fleet's subpoena was overbroad and asked for materials that could divulge valuable trade secrets. The Clulees argued that Batture Fleet's subpoena was overbroad and unreasonable in light of the facts of this case. The magistrate judge found that both subpoenae were "overly broad and burdensome in that [they] exposed the responding non-parties to

```
DATE OF ENTRY
  JUN - 9 2000
```



significant expense" and thus both subpoenae violated Federal Rule of Civil Procedure 45(c)(1)'s protections afforded to persons subject to subpoena. *See* Rec. Doc. 25. However, the information before the magistrate judge and before this Court shows that both non-parties reached agreements with Batture Fleet as to exchanging certain requested documents. Nevertheless, the magistrate judge found that Batture Fleet's violation of Rule 45(c)(1) warranted an award of $1,370 to both Real-Time and the Clulees. *See id.*[1]

Under Federal Rule of Civil Procedure Rule 72(a), a party may serve and file objections to a magistrate judge's orders regarding nondispositive pretrial matters if the objection is filed within ten (10) days after service of the order. Federal law affords a magistrate judge broad discretion in the resolution of nondispositive discovery disputes. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Comeau*, 142 F.R.D. at 684. Thus, a district court reverses a magistrate judge's ruling on nondispositive pretrial matters only where the court finds such a ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). *See also In re Combustion, Inc.*, 161 F.R.D. 54, 55 (W.D. La. 1995). A motion to reconsider is appropriate when a magistrate judge has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Schrag v. Dinges*, 144 F.R.D. 121, 123 (D. Kan. 1992). A party is not entitled to raise new theories or arguments in its objections that the party did not present before a magistrate judge. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994), *cert. denied*, 513 U.S. 1163, 115 S. Ct. 1128, 130 L. Ed.2d 1091 (1995). Therefore, Batture Fleet must overcome a high hurdle for this Court to

---

[1] A court has discretion to award sanctions "includ[ing], but not limited to, lost earnings and a reasonable attorney's fee" against a party found in violation of Rule 45(c)(1). *See* Fed. R. Civ. P. 45(c)(1).

grant the instant motion.

The requests directed toward Real-Time sought an extremely broad category of documents and other materials, some allegedly containing sensitive trade secrets. The requests directed toward the Clulees also sought an extremely broad category of documents. These document requests of non-parties were not limited "to avoid imposing undue burden or expense." Fed. R. Civ. P. 45(c)(1). Likewise, the subpoenae could reasonably be seen as "unreasonable." Furthermore, in support of the conclusion that these subpoenae were unreasonable is the fact that Real-Time and the Clulees are not parties to this litigation[2] and the material sought was/is available from the actual parties.[3]

Therefore, the award was not contrary to law. Furthermore, the award was not clearly erroneous as both Real-Time and the Clulees presented evidence of costs far exceeding the awards of $1,370 to each. Accordingly, this Court must deny Batture Fleet's motion to review.

Real-Time and the Clulees both request that this Court exercise its discretion to award them fees for their response to Batture Fleet's instant motion to review. The Court however declines to exercise its discretion because it finds that Batture Fleet lodges a credible and good faith, albeit incorrect, argument.

---

[2]  Batture Fleet argues that this Court should view the Clulees as a party to this litigation. Even though the Clulees have been intimately involved with several previous litigations involving Batture Fleet and/or related entities and are somewhat involved in this litigation, they are not party to this suit. The Court thus will not deem them parties. Furthermore, Batture Fleet argued before the magistrate judge that the Clulees should be treated as non-parties. It cannot therefore argue here that the Clulees should be considered parties.

[3]  Even though Batture Fleet might have encountered difficulty obtaining materials from the Coast Guard (which is a party to this suit), that difficulty does not grant license to issue overbroad and burdensome subpoenae on non-parties who may have access to the same information.

In conclusion, the Court **ORDERS** the following:

(1) Plaintiff Batture Fleet, Inc.'s Motion to Review is hereby **DENIED**;

(2) Non-Party Real-Time Thermal Imaging, L.L.C.'s Motion for Additional Fees is hereby **DENIED**; and

(3) Non-Parties Neal and Mary Clulee's Motion for Additional Fees is hereby **DENIED**.